ORIGINAL

UNITED STATES COURT OF FEDERAL CLAIMS

FILED
AUG 24 2007
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| NAS/CORP-TELMAH, Inc., a New Mexico corporation<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | USCFC No. 07-632 C<br><br>DECLARATION OF ERNIE DOYON IN SUPPORT OF PLAINTIFF'S COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>(BID PROTEST) |

I, Ernst R. Doyon declare as follows:

I am the President of NAS/CORP-TELMAH, Inc. The facts contained in this declaration are within my personal knowledge and if called as a witness I could and would competently testify thereto.

On July 3, 2007, the NAVMEDCEN issued Solicitation Notice No. N0025907T0252, requesting proposals for Ultrasonic Surgical Aspirator (hereinafter the "SOLICITATION"). The SOLICITATION required bidders to submit offers to the SOLICITATION on or before the close of business July 16, 2007. A true and correct copy of the SOLICITATION is attached to NASCORP's Complaint and Application for Temporary Restraining Order and Preliminary Injunction and labeled Attachment B.

NASCORP submitted its offer on or about July 11, 2007 via Federal Express. The offer was timely received by NAVMEDCEN at 10:10 am on July 13, 2007. A true and correct copy of NASCORP's offer and FEDEX delivery confirmation is attached to NASCORP's Complaint and Application for Temporary Restraining Order and Preliminary Injunction and labeled Attachments C & D.

On or about July 26, 2007 Mr. Delos Reyes of NAVMEDCEN, called me and advised me that NASCORP was the low bidder on the SOLICITATION. Mr. Delos Reyes requested

I contact a Ms. Spenser of NAVMEDCEN to set up an equipment evaluation period at NAVMEDCEN. I attempted to contact Ms. Spenser on July 27, July 30 and July 31, 2007. On August 3, 2007, I was finally able to contact Ms. Spenser to set up a demonstration. Ms. Spenser did not respond to my e-mail so on August 13, 2007 I again requested a date for a demonstration of NASCORP's equipment. I attempted, without success, to contact Ms. Spenser by phone on August 13, 2007. A true and correct copy of the my e-mail of August 3 & 13, 2007 is attached to NASCORP's Complaint and Application for Temporary Restraining Order and Preliminary Injunction and labeled Attachment E & F.

Receiving no response from Ms. Spenser, I called Mr. Delos Reyes on August 20, 2007. For the first time on August 20, 2007, Mr. Delos Reyes advised me that the Solicitation had been awarded to another vendor. Mr. Delos Reyes indicated that NASCORP's bid was received late and not considered. Mr. Delos Reyes admitted NASCORP's bid was in the mail room but not picked up because no one from the NAVMEDCEN mail room called him to pick up a bid until July 24, 2007. Mr. Delos Reyes indicated NASCORP's bid was not considered because it was late. A true and correct copy of the my e-mail of August 20, 2007 is attached to NASCORP's Complaint and Application for Temporary Restraining Order and Preliminary Injunction and labeled Attachment G.

On August 20, 2007 NASCORP received notice from NAVMEDCEN that an award was made to ILC on July 17, 2007. NASCORP was unaware, until August 20, 2007, that its bid was not considered because it was considered late. A true and correct copy of NAVMEDCEN's e-mail of August 20, 2007 is attached to NASCORP's Complaint and Application for Temporary Restraining Order and Preliminary Injunction and labeled Attachment H.

It is my belief that NAVMEDCEN's actions were malicious and in bad faith. Mr. Delos Reyes intentionally failed to disclose to me for a period of approximately four weeks that NASCORP's bid was not considered due to the NAVMEDCEN's negligence in opening bids. NAVMEDCEN's intentional deception continued by NAVMEDCEN making offers to NASCORP to continue to review its offer when NAVMEDCEN had already made an award.

Dated: August 23, 2007

Ernest R. Doyon
President
NAS/CORP-TELMAH, Inc.