ORIGINAL

FILED
AUG 24 2007
U.S. COURT OF FEDERAL CLAIMS

UNITED STATES COURT OF FEDERAL CLAIMS

NAS/CORP-TELMAH, INC., a New Mexico corporation

Plaintiff,

v.

UNITED STATES,

Defendant.

USCFC NO. 07-632 C

APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION: POINTS AND AUTHORITIES: DECLARATION OF ERNST R. DOYON

(BID PROTEST)

1. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and RUSCFC 65, Plaintiff NAS/CORP-TELMAH, Inc. ("NASCORP") moves this Court for a Temporary Restraining Order, ("TRO"), enjoining and restraining Defendant, THE UNITED STATES OF AMERICA is, and at all times herein mentioned was, acting by and through the Department of the Navy, Bureau of Medicine and Surgery, NMC San Diego, CA ("NAVMEDCEN"), which is, and at all times herein mentioned was, an agency of the United States from issuing a Notice to Proceed (an "NTP"), on Solicitation Notice No. N0025907T0252, requesting proposals for Ultrasonic Surgical Aspirator (hereinafter the "SOLICITATION") to Integra Lifesciences Corporation DBA Integra Neurosciences, 311 Enterprise Drive, Plainsboro, NJ ("ILC") pending the outcome of NASCORP's post-award bid protest. NASCORP is concurrently filing a Complaint for Declaratory Relief on said Solicitation.

2. In the alternative and if the NAVMEDCEN has already issued an NTP to ILC, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and RUSCFC 65, Plaintiff NASCORP moves this Court for a Temporary Restraining Order, ("TRO"), enjoining and restraining Defendant, NAVMEDCEN from continuing to allow ILC to proceed with the work on the SOLICITATION pending the outcome of NASCORP post-award bid protest. NASCORP is concurrently filing a Complaint for Declaratory Relief on said SOLICITATION.

3. Additionally, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and RUSCFC 65, NASCORP, moves this Court for a preliminary injunction, ("PI"), pursuant to a

hearing set by this Court as to whether the NAVMEDCOM should be enjoined and restrained from issuing a Notice to Proceed on the SOLICITATION pending this Court's adjudication of NASCORP's action for Declaratory Judgment.

4. Additionally, and in the alternative, if an NTP has been already issued to ILC, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and RUSCFC 65, NASCORP, moves this Court for a preliminary injunction, ("PI"), pursuant to a hearing set by this Court as to whether NAVMEDCEN should be enjoined and restrained from allowing ILC to proceed with the work on the SOLICITATION, pending this Court's adjudication of NASCORP's action for Declaratory Judgment.

5. This Application is made on the ground that immediate and irreparable injury will result to NASCORP unless the activity described above is enjoined pending adjudication of NASCORP's action for Declaratory Judgment. This Application will be based on this Application, Memorandum of Points and Authorities, the Declaration of Ernest R. Doyon and documents attached.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.

### STATEMENT OF THE LAW

6. The Court of Federal Claims in W & D Ships Deck Works, Inc. v. United States, 39 Fed. Cl. 638 (1997), held that:

> When deciding if a TRO is appropriate in a particular case, a court uses the same four-part test applied to motions for a preliminary injunction. Cincom Sys., Inc. v. United States, 37 Fed. Cl. 266, 268 (1997); National Football League Properties, Inc. v. Coniglio, 554 F.Supp. 1224, 1225 (D.D.C.1983). Plaintiff must show: (1) that the plaintiff will suffer a specific irreparable injury if performance is not enjoined; (2) that the plaintiff is likely to succeed on the merits of the claim; (3) that the harm to plaintiff outweighs any harm to defendant; and (4) that granting the requested relief serves the public interest. Zenith Radio Corp. v. United States, 710 F.2d 806, 809 (Fed.Cir.1983). For the purpose of ruling on this motion for a TRO, the court has assumed all facts alleged in the complaint to be true, as in ruling on a motion to dismiss. See Neitzke, 490 U.S. at 326-27, 109 S.Ct. at 1832-33.

### B.

## STATEMENT OF THE FACTS

7. On July 3, 2007, the NAVMEDCEN issued Solicitation Notice No. N0025907T, requesting proposals for Ultrasonic Surgical Aspirator (hereinafter the "SOLICITATION"). The SOLICITATION required bidders to submit offers to the SOLICITATION on or before the close of business July 16, 2007. *Attachment B.*

8. NASCORP submitted its offer on or about July 11, 2007 via Federal Express. *Attachment C.* The offer was timely received by NAVMEDCEN at 10:10 am on July 13, 2007. *Attachment D. Declaration of Ernie Doyon.*

9. On or about July 26, 2007 Mr. Delos Reyes of NAVMEDCEN, called NASCORP and advised NASCORP that NASCORP was the low bidder on the SOLICITATION. Mr. Delos Reyes requested NASCORP to contact a Ms. Spenser of NAVMEDCEN to set up an equipment evaluation period at NAVMEDCEN. NASCORP attempted to contact Ms. Spenser on July 27, July 30 and July 31, 2007. On August 3, 2007 NASCORP was finally able to contact Ms. Spenser to set up a demonstration. *Attachment E.* Ms. Spenser did not respond to NASCORP's e-mail so on August 13, 2007 NASCORP again requested a date for a demonstration of NASCORP's equipment. NASCORP attempted, without success, to contact Ms. Spenser by phone on August 13, 2007. *Attachment F. Declaration of Ernie Doyon.*

10. Receiving no response from Ms. Spenser, NASCORP called Mr. Delos Reyes on August 20, 2007. For the first time on August 20, 2007, Mr. Delos Reyes advised NASCORP that the Solicitation had been awarded to another vendor. Mr. Delos Reyes indicated that NASCORP's bid was received late and not considered. Mr. Delos Reyes admitted NASCORP's bid was in the mail room but not picked up because no one from the NAVMEDCEN mail room called him to pick up a bid until July 24, 2007. Mr. Delos Reyes indicated NASCORP's bid was not considered because it was late. *Declaration of Ernie Doyon.*

11. On August 20, 2007 NASCORP received notice from NAVMEDCEN that an award was made to ILC on July 17, 2007. *Attachment H.* NASCORP was unaware, until August 20, 2007, that its bid was not considered because it was considered late. *Declaration of Ernie Doyon.*

12. NASCORP's bid was timely received by NAVMEDCEN and in all ways NASCORP complied the terms of the SOLICITATION. Since the SOLICITATION was awarded to ILC in the amount of $85,250.00 NASCORP's bid of $79,714.00 made it the lowest responsive, responsible bidder.

C.

**ARGUMENT**

**NASCORP IS ENTITLED TO THE ISSUANCE OF A TEMPORATY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION**

13. The crux of NASCORP's claim is that the NAVMEDCEN unreasonably denied NASCORP the opportunity to fairly participate in the bid process for the SOLICITATION by failing to consider its bid before award. NASCORP sets forth basic concepts of law and facts which show that (1) NASCORP will suffer irreparable injury if the NAVMEDCEN is not enjoined; (2) NASCORP is likely to succeed on the merits of its claim; (3) the harm to NASCORP outweighs any harm to the NAVMEDCEN; and (4) granting of the requesting relief serves the public interest.

1. **NASCORP Will Suffer Severe Harm If A Temporary Restraining Order And A Preliminary Injunction Is Not Issued**

14. NASCORP will suffer irreparable injury unless the Temporary Restraining Order and Preliminary Injunction sought in this case are immediately granted. Monetary damages will not be sufficient to address this harm. The denial of the right to have its bid fairly and lawfully considered constitutes irreparable harm. Additionally, the loss of a major contract is considered to cause irreparable harm when the bid is not fairly and lawfully considered. Dairy

Maid Dairy Inc. v. United States, DC Va., No. 2:93cv260, November 5, 1993 (Memorandum Opinion).

15. Alternatively, if the NAVMEDCEN's Notice to Proceed is issued and the Award to ILC is permitted to actually mobilize and begin performing or if an NTP has already been issued continue performance, this Court might ultimately determine that, although the award should have been made to NASCORP, it would now be too costly to disturb the incorrect award to awardee precisely because of the excessive cost to the NAVMEDCEN of having awardee, begin performance, and demobilize, and then having NASCORP mobilize.

16. If preliminary injunctive relief is not granted the NAVMEDCEN will be allowed to have ILC mobilize and commence performance or to continue performance on the contract, thus diminishing the likelihood that this Court will recommend the appropriate corrective action if it finds that the SOLICITATION was improperly awarded. Without injunctive relief from this Court, NASCORP may effectively be precluded from meaningful relief and will suffer irreparable harm as a direct result of the NAVMEDCEN's failure to consider NASCORP's offer as the lowest responsive bid on the SOLICITATION. NASCORP will suffer irretrievable money losses as well, if NASCORP is unfairly deprived of the opportunity to fully and fairly litigate its bid protest as Congress determined and intended when it enacted the statutory framework. Art-Metal - USA, Inc. v. Solomon, 473 F.Supp. 1, 4 n.4 (D.D.C. 1978); Pan American World Airways. Inc. v. Marshall, 439 F.Supp. 487, 497 (S.D.N.Y.1977); see also Tri-State Generation v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir.1986) (where plaintiff cannot collect monetary damages, harm is irreparable.).

17. Absent the granting of the injunction, NASCORP will be effectively deprived of a remedy for NAVMEDCEN's violation of NASCORP's clear right, under applicable regulations, to be allowed to participate fairly in the bid process. As a result of the NAVMEDCEN's arbitrary and capricious conduct, NASCORP faces the loss of the profits which are not recoverable. A contractor seeking damages from the award of a contract to a competitor in the Court of Federal Claims can only recover damages which do not exceed the bid preparation costs. The Court of Federal Claims cannot award recovery of lost profits or of

the losses caused by liquidation of assets. Keco Indus. v. United States, 192 Ct.Cl. 773, 785, 428 F.2d 1233,1240 (1970); see also S&W Mechanical v. City of Homerville, 682 F.Supp. 546, 547-548 (M.D. Ga. 1988).

18. As set forth at greater length in the Complaint, the effect of the NAVMEDCEN's action is to impose irreparable harm upon NASCORP and to deprive NASCORP of a meaningful opportunity to participate in the aforementioned bid process. The denial of the right to have its bid fairly and lawfully considered constitutes an irreparable injury as does the loss of a major contract. Additionally, NASCORP's remedy at law is clearly inadequate. Absent an injunction and a temporary restraining order, NASCORP would effectively lose the contract.

**2. NASCORP Will Succeed On The Merits Of Its Claim**

19. NASCORP will succeed on the merits of its claim because the NAVMEDCEN, on July 13, 2007, was in receipt of NASCORP's offer three days before the SOLICITATION closed on July 16, 2007.

20. **California Marine Cleaning, Inc. v. U.S.**, 42 Fed.Cl. 281, 297-298 (Fed.Cl.,1998.) is a case literally on point on the NAVY "discovering" a bid in its possession and control days after the date for the opening of bids.

> The FAR provides that a bid is late, i.e. untimely, if it is "received in the office designated in the invitation for bids after the exact time set for opening." *Id.* § 14.304-1. Whether a bid is timely or late is thus determined by when it is *received at the designated office*, not when it is discovered by the agency, or when it is opened by agency personnel. *See* *Leland & Melvin Hopp, Partners, 84-1 C.P.D. ¶ 204 at 2-3 (1984)*; *Building Maintenance Corp., 79-2 C.P.D. ¶ 374 at 2 (1979)*. A timely bid does not become late simply because the government overlooks the bid in a bid box; rather, if the bid is timely delivered to the place specified in the IFB for the receipt of bids, the bid is timely and must be considered for award, even if the bid is not discovered and opened until after the scheduled bid opening. *See, e.g.,* *Wand Elec., 93-1 C.P.D. ¶ 59; All-States, 85-1 C.P.D. ¶ 174;* *Robert McMullan & Son, Inc.*, B-197613, *available in* 1980 WL 16588 (Comp.Gen. May 19, 1980). This distinction becomes significant in the present case, where the plaintiff claims that its bid was deposited in the bid box prior to bid opening, but the agency did not discover and open the bid until six days after bid opening.
>
> Even if a bid is determined by an agency to be late, however, the agency may still be able to consider the late bid under the late bid rule, which provides a number of exceptions to the general rule that only bids that are timely received by the procuring agency may be considered for award. *See* 48 C.F.R. § 14.304-1; *see also* *Ed Kocharian & Co., 96-1*

> C.P.D. ¶ 170 (1996) (approving an agency's consideration of a late hand-carried bid); *Data General Corp.*, 93-1 C.P.D. ¶ 457 (1993) (approving the Army's consideration of a late mailed bid).[FN30] Under this rule, mailed or hand-carried bids, even though determined by an agency to be late, may be considered for award if: (1) received prior to award, *see* 48 C.F.R. § 14.304-1(a); (2) "late receipt was due primarily to government mishandling after receipt at the government installation," *id.* § 14.304-1(a)(2); and (3) "consideration of the bid would not compromise the integrity of the procurement process because the bid was in the sole custody of the government, and therefore unalterable by the bidder, from its receipt at the installation until its actual opening." *Data General*, 93-1 C.P.D. ¶ 457 at 3.

21. NAVMEDCEN's failure to consider NASCORP's offer was arbitrary, unreasonable and contrary to law; therefore, this Court should issue a Temporary Restraining Order and Preliminary Injunction.

### 3. The Harm To NASCORP Outweighs Any Harm To The NAVMEDCEN.

22. The NAVMEDCEN, faces no irreparable harm if a Temporary Restraining Order and Preliminary Injunction are granted; but maybe a slight delay in the execution and performance of the SOLICITATION. On the other hand, NASCORP will definitely suffer irreparable monetary injury; that is, NASCORP will for certain lose the contract.

23. There is no reason why any current Contract performance cannot be suspended until this Court determines whether NASCORP is entitled to the declaratory relief it seeks.

24. Thus, a balancing of the hardships posed to NASCORP and the NAVMEDCEN by the prospect of a Temporary Restraining Order and preliminary injunctive relief demonstrates that NASCORP will suffer decidedly more severe harm if the Temporary Relief Order and Preliminary Injunction are denied than the NAVMEDCEN will suffer if the injunction if granted.

25. Since the balance-of-hardship test weighs heavily in favor of NASCORP, a Temporary Restraining Order and/or an injunction should be issued "if, at least, grave or serious questions are presented." Jones, supra, 704 F.2d at 715 (quoting North Carolina State Ports Authority v. Dart Containerline Co., 592 F.2d 749, 750 (4th Cir. 1979)); Chalk, supra, 710 - 711. NASCORP's objections to the NAVMEDCEN's rejection of NASCORP's bid is in violation of the Competition in Contracting Act of 1984 which constitute, at the very least, questions of a grave and serious nature. Thus, NASCORP is entitled to an injunction even

without establishing a likelihood of success on the merits. Moreover, as the previous sections illustrate, NASCORP's claim is likely to be vindicated on the merits.

### 4. The Public Interest Will Be Served If A Temporary Restraining Order/Preliminary Injunction Is Issued

26. Finally, this Court must consider whether issuance of a Temporary Restraining Order and Preliminary Injunction is in the public interest. Government agencies must comply with the laws, executive orders, and regulations under which they operate. Service v. Dulles, 354 U.S. 363 *(1957)*; Pan American World Airways, Inc. v. Marshall, 439 F.Supp. 487 (S.D. N.Y. 1977). The public interest is not served when an agency fails to follow its own regulations and fails to act in a lawful and honest manner. Art-Metal - USA, Inc. v. Solomon, 473 F. Supp. 1, 8 (D.D.C. 1978).

27. The public interest will served since the public will get the lowest responsive, responsible bidder and save the taxpayer approximately $5,500 in procurement costs. In addition, to the financial benefit, the issuance of a temporary restraining order and preliminary injunction would serve the purpose of reinstating the public expectation, belief and trust on the public system and procurement contracts.

28. As herein it is demonstrated, the NAVMEDCEN has failed to comply with applicable laws and regulations. The NAVMEDCEN has abrogated the fundamental policy which underlies the Competition in Contracting Act of 1984; that the public is best served by free and open competition. To this end, it is essential that this competition, unless the national interest is truly threatened, be subject to fair and meaningful review. Accordingly, the public interest will be served by issuance of a Temporary Restraining Order and a subsequent preliminary injunction blocking the harmful results of the NAVMEDCEN's foreseeable unlawful conduct.

## CONCLUSION

For all the foregoing reasons, NASCORP respectfully requests that this Court issue a Temporary Restraining Order and Preliminary Injunction enjoining the NAVMEDCEN from

issuing the Notice to Proceed, or, if a Notice to Proceed has already been issued and ILC has commenced construction directing ILC to suspend all performance, until such time as the Court makes a determination and rules on NASCORP's Request for Declaratory Judgment.

Dated: August 23, 2007

Respectfully submitted,

William L. Bruckner
BRUCKNER & WALKER
4550 Kearny Villa Road, Suite 209
San Diego, CA 92123
(858) 565-8300 Telephone
(858) 565-0813 Facsimile
bill@brucknerwalker.com

Attorneys for NAS/CORP-TELMAH, Inc.

EXHIBIT A

# BRUCKNER & WALKER

**ATTORNEYS**

William L. Bruckner, PE, DVBE
Charles F. Walker
Edward W. Freedman
Jessica J. Snyder
Brandon L. Timboe

4550 Kearny Villa Road, Suite 209
San Diego, California 92123

Telephone (858) 565-8300
Telefax (858) 565-0813
wbruck7413@aol.com

August 23, 2007

Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit, 8th Floor
1100 L. Street, NW
Washington D.C. 20530

Clerk
United States Court of Federal Claims
717 Madison Place NW
Washington D.C. 20005

Department of the Navy
Bureau of Medicine and Surgery
NMC San Diego, Bldg. 1
34800 Bob Wilson Drive
San Diego, Ca 92134-5000
Attn: Nick Delos Reyes

Integra Lifesciences Corporation
DBA Integra Neurosciences 311
Enterprise Drive
Plainsboro, NJ 08536-3344

VIA FACSIMILE AND OVERNIGHT MAIL

**RE: Notice of Bid Protest**
Solicitation No. N0025907T0252
65-Ultrasonic Surgical Aspirator
Balboa Naval Regional Medical Center
San Diego, CA 92134

Dear Sir/Ms:

In accordance with Appendix C of the RUSCFC, NAS/CORP-TELMAH, Inc. ("NASCORP") through its counsel, BRUCKNER & WALKER, hereby gives notice of a post-award bid protest on the referenced Solicitation. NASCORP was orally notified by a Mr. Delos Reyes of the Balboa Naval Regional Medical Center, San Diego, CA ("NAVY") of an award to an unspecified vendor on August 20, 2007.

NASCORP intends on filing a post-award bid protest based upon the award of the Solicitation to an unknown vendor. NASCORP's protest is based on its contention that the NAVY did not consider NASCORP's bid due to its negligence in not opening NASCORP's bid in a timely manner thus depriving not only of a fair opportunity to compete, but also the award of the Solicitation as NASCORP's bid was approximately $5,500 lower than the awardee.

NASCORP anticipates it's Complaint, Application for TRO/PI and supporting pleadings and documents will be filed with the USCFC on or about August 24, 2007.

The Contracting Officer responsible for the procurement is Nick Delos Reyes at (619) 532-5289. NASCORP will request a temporary restraining order preventing the NAVY from proceeding with the procurement of the Ultrasonic Surgical Aspirator. At the present time no request for a protective order is contemplated.

Sincerely,

William L. Bruckner
BRUCKNER & WALKER
Attorneys for NAS/CORP-TELMAH, INC.

TRANSMISSION VERIFICATION REPORT

TIME : 08/22/2007 23:17
NAME : BRUCKNER WALKER
FAX : 8585650813
TEL :
SER.# : BROA5J281688

| | |
|---|---|
| DATE,TIME | 08/22 23:16 |
| FAX NO./NAME | 2025168470 |
| DURATION | 00:00:34 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD ECM |

# BRUCKNER & WALKER

## ATTORNEYS

William L. Bruckner, PE, DVBE
Charles F. Walker
Edward W. Freedman
Jessica J. Snyder
Brandon L. Timboe

4550 Kearny Villa Road, Suite 209
San Diego, California 92123

Telephone (858) 565-8300
Telefax (858) 565-0813
wbruck7413@aol.com

August 23, 2007

Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit, 8th Floor
1100 L. Street, NW
Washington D.C. 20530

Clerk
United States Court of Federal Claims
717 Madison Place NW
Washington D.C. 20005

Department of the Navy
Bureau of Medicine and Surgery
NMC San Diego, Bldg. 1
34800 Bob Wilson Drive
San Diego, Ca 92134-5000
Attn: Nick Delos Reyes

Integra Lifesciences Corporation
DBA Integra Neurosciences 311
Enterprise Drive
Plainsboro, NJ 08536-3344

VIA FACSIMILE AND OVERNIGHT MAIL

**RE: Notice of Bid Protest**
Solicitation No. N0025907T0252
65-Ultrasonic Surgical Aspirator
Balboa Naval Regional Medical Center
San Diego, CA 92134

TRANSMISSION VERIFICATION REPORT

| | | |
|---|---|---|
| TIME | : | 08/22/2007 23:18 |
| NAME | : | BRUCKNER WALKER |
| FAX | : | 8585650813 |
| TEL | : | |
| SER.# | : | BROA5J201688 |

| | |
|---|---|
| DATE,TIME | 08/22 23:17 |
| FAX NO./NAME | 2023575401 |
| DURATION | 00:00:34 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

# BRUCKNER & WALKER

## ATTORNEYS

William L. Bruckner, PE, DVBE
Charles F. Walker
Edward W. Freedman
Jessica J. Snyder
Brandon L. Timboe

4550 Kearny Villa Road, Suite 209
San Diego, California 92123

Telephone (858) 565-8300
Telefax (858) 565-0813
wbruck7413@aol.com

August 23, 2007

Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit, 8th Floor
1100 L. Street, NW
Washington D.C. 20530

Clerk
United States Court of Federal Claims
717 Madison Place NW
Washington D.C. 20005

Department of the Navy
Bureau of Medicine and Surgery
NMC San Diego, Bldg. 1
34800 Bob Wilson Drive
San Diego, Ca 92134-5000
Attn: Nick Delos Reyes

Integra Lifesciences Corporation
DBA Integra Neurosciences 311
Enterprise Drive
Plainsboro, NJ 08536-3344

VIA FACSIMILE AND OVERNIGHT MAIL

**RE: *Notice of Bid Protest***
Solicitation No. N0025907T0252
65-Ultrasonic Surgical Aspirator
Balboa Naval Regional Medical Center
San Diego, CA 92134

TRANSMISSION VERIFICATION REPORT

TIME : 08/22/2007 23:14
NAME : BRUCKNER WALKER
FAX : 8585650813
TEL :
SER.# : BROA5J201688

| | |
|---|---|
| DATE,TIME | 08/22 23:14 |
| FAX NO./NAME | 6195325596 |
| DURATION | 00:00:33 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD ECM |

# BRUCKNER & WALKER

**ATTORNEYS**

William L. Bruckner, PE, DVBE
Charles F. Walker
Edward W. Freedman
Jessica J. Snyder
Brendon L. Timboe

4550 Kearny Villa Road, Suite 209
San Diego, California 92123

Telephone (858) 565-8300
Telefax (858) 565-0813
wbruck7413@aol.com

August 23, 2007

Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit, 8th Floor
1100 L. Street, NW
Washington D.C. 20530

Clerk
United States Court of Federal Claims
717 Madison Place NW
Washington D.C. 20005

Department of the Navy
Bureau of Medicine and Surgery
NMC San Diego, Bldg. 1
34800 Bob Wilson Drive
San Diego, Ca 92134-5000
Attn: Nick Delos Reyes

Integra Lifesciences Corporation
DBA Integra Neurosciences 311
Enterprise Drive
Plainsboro, NJ 08536-3344

VIA FACSIMILE AND OVERNIGHT MAIL

**RE: Notice of Bid Protest**
Solicitation No. N0025907T0252
65-Ultrasonic Surgical Aspirator
Balboa Naval Regional Medical Center
San Diego, CA 92134

TRANSMISSION VERIFICATION REPORT

TIME : 08/22/2007 23:15
NAME : BRUCKNER WALKER
FAX : 8585650813
TEL :
SER.# : BROA5J201688

| | |
|---|---|
| DATE,TIME | 08/22 23:15 |
| FAX NO./NAME | 6692753684 |
| DURATION | 00:00:34 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

# BRUCKNER & WALKER

## ATTORNEYS

William L. Bruckner, PE, DVBE
Charles F. Walker
Edward W. Freedman
Jessica J. Snyder
Brandon L. Timboe

4550 Kearny Villa Road, Suite 209
San Diego, California 92123

Telephone (858) 565-8300
Telefax (858) 565-0813
wbruck7413@aol.com

August 23, 2007

Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit, 8th Floor
1100 L. Street, NW
Washington D.C. 20530

Clerk
United States Court of Federal Claims
717 Madison Place NW
Washington D.C. 20005

Department of the Navy
Bureau of Medicine and Surgery
NMC San Diego, Bldg. 1
34800 Bob Wilson Drive
San Diego, Ca 92134-5000
Attn: Nick Delos Reyes

Integra Lifesciences Corporation
DBA Integra Neurosciences 311
Enterprise Drive
Plainsboro, NJ 08536-3344

VIA FACSIMILE AND OVERNIGHT MAIL

RE: **Notice of Bid Protest**
Solicitation No. N0025907T0252
65-Ultrasonic Surgical Aspirator
Balboa Naval Regional Medical Center
San Diego, CA 92134

TRANSMISSION VERIFICATION REPORT

TIME : 08/22/2007 23:55
NAME : BRUCKNER WALKER
FAX : 8585650813
TEL :
SER.# : BROA5J201688

| | |
|---|---|
| DATE, TIME | 08/22 23:56 |
| FAX NO./NAME | 6097993297 |
| DURATION | 00:00:33 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD ECM |

# BRUCKNER & WALKER


## ATTORNEYS

William L. Bruckner, PE, DVBE
Charles F. Walker
Edward W. Freedman
Jessica J. Snyder
Brandon L. Timboe

4550 Kearny Villa Road, Suite 209
San Diego, California 92123

Telephone (858) 565-8300
Telefax (858) 565-0813
wbruck7413@aol.com


August 23, 2007

Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit, 8th Floor
1100 L. Street, NW
Washington D.C. 20530

Clerk
United States Court of Federal Claims
717 Madison Place NW
Washington D.C. 20005

Department of the Navy
Bureau of Medicine and Surgery
NMC San Diego, Bldg. 1
34800 Bob Wilson Drive
San Diego, Ca 92134-5000
Attn: Nick Delos Reyes

Integra Lifesciences Corporation
DBA Integra Neurosciences 311
Enterprise Drive
Plainsboro, NJ 08536-3344

VIA FACSIMILE AND OVERNIGHT MAIL

**RE: Notice of Bid Protest**
Solicitation No. N0025907T0252
65-Ultrasonic Surgical Aspirator
Balboa Naval Regional Medical Center
San Diego, CA 92134

Dear Sir/Ms:

TRANSMISSION VERIFICATION REPORT

TIME : 08/23/2007 01:28
NAME : BRUCKNER WALKER
FAX : 8585650813
TEL :
SER.# : BROA5J201688

| | |
|---|---|
| DATE,TIME | 08/23 01:28 |
| FAX NO./NAME | 2023070972 |
| DURATION | 00:00:34 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD ECM |

# BRUCKNER & WALKER

## ATTORNEYS


William L. Bruckner, PE, DVBE
Charles F. Walker
Edward W. Freedman
Jessica J. Snyder
Brandon L. Timboe

4550 Kearny Villa Road, Suite 209
San Diego, California 92123

Telephone (858) 565-8300
Telefax (858) 565-0813
wbruck7413@aol.com


August 23, 2007

Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit, 8th Floor
1100 L. Street, NW
Washington D.C. 20530

Clerk
United States Court of Federal Claims
717 Madison Place NW
Washington D.C. 20005

Department of the Navy
Bureau of Medicine and Surgery
NMC San Diego, Bldg. 1
34800 Bob Wilson Drive
San Diego, Ca 92134-5000
Attn: Nick Delos Reyes

Integra Lifesciences Corporation
DBA Integra Neurosciences 311
Enterprise Drive
Plainsboro, NJ 08536-3344

VIA FACSIMILE AND OVERNIGHT MAIL

RE: **Notice of Bid Protest**
Solicitation No. N0025907T0252
65-Ultrasonic Surgical Aspirator
Balboa Naval Regional Medical Center
San Diego, CA 92134

EXHIBIT B

Vendors

# 65--Ultrasonic surgical aspirator

- Solicitation 01 - Posted on Jul 03, 2007

## General Information

| | |
|---|---|
| Document Type: | Presolicitation Notice |
| Solicitation Number: | N0025907T0252 |
| Posted Date: | Jul 03, 2007 |
| Archive Date: | Aug 15, 2007 |
| Original Response Date: | Jul 16, 2007 |
| Current Response Date: | Jul 16, 2007 |
| Classification Code: | 65 -- Medical, dental & veterinary equipment & supplies |
| SetAsides: | |
| Naics Code: | N/A |

## Contracting Office Address

N00259 34800 Bob Wison Drive Suite 1800 San Diego, CA

## Description

This is a combined synopsis/solicitation for commercial items prepared in accordance with FAR 12.6 as supplemented
with additional information included in this notice. This announcement constitutes the only solicitation; quotations are
being requested. A written solicitation will not be issued. Paper copies of the solicitation will not be available. The
solicitation, number is N00259-07-T-0252. It is issued for reference only. The solicitation document and incorporated
provisions and clauses are those in effect through FAC 2005-17. It is the contractors responsibility to be familiar with
the applicable clauses and provisions. The clauses and provisions may be accessed in full text at www.arnet.gov and
www.acq.osd.mil. This is an unrestricted action. The NAICS code is 339112. The contractor shall provide CLIN:
0001: ULTRASONIC SURGICAL ASPIRATOR, CUSA EXCEL CONSOLE , P/N: CUSAEXCEL, Qty: 0001, U/I:
Each, U/P:________; CLIN: 0002: HANDPIECE 36 KHZ, P/N: C2602, Qty: 01 001, U/I: Each, U/P:__________;
CLIN: 0003: STERILIZER TRAY 36 KHZ, P/N: C2636, Qty: 0001, U/I: Each; U/P:________; CLIN: 0004:
TORQUE BASE 36 KHZ, P/N: C5636, Qty: 0001, U/I: Each; U/P:_________; CLIN: 0005: CUSA XI TIP
TORQUING SET, P/N: C5600, Qty: 0001, U/I: Each; U/P__________; CLIN 0006 SHIPPING CHARGE, Qty: 0001,
U/I: Each; U/P________; MFR: INTEGRA RADIONICS. This solicitation incorporates the following FAR and
DFARS Clauses/Provisions: 52.204-7 Central Contractor Registration (JUL 2006), 52.212-1 Instruction to Offerors-
Commercial Items (SEP 2006), 52.212-3 Offeror Representations and Certifications-Commercial Items (May 2004),
52.212-4 Contract Terms and Conditions-Commercial Items (SEP 2005), 52.212-5 Contract Terms and conditions
Required to Implement Statutes or Executive orders-Commercial Items (SEP 2005), with the following clauses
incorporated by reference in paragraphs (a) (1) 52.233-3 Protest after Award (Aug 1996)(31 U.S.C. 3553), (2) 52.233-
4 Applicable Law for Breach of Contract Claim (Oct 2004)(Pub. L. 108-77, 108-78); ( b) 52.222-3 Convict Labor
(June 2003) (E.O. 11755), 52.222-19 Child Labor-Cooperation with Authorities and Remedies (JAN 2006)(E.O.
13126, 52.222-21 Prohibition of Segregated Facilities ( Feb 1999), 52.222-26 Equal Opportunity (Apr 2002)(E.O.
11246), 52.222-35 Equal Opportunity for Special Disabled Veterans, Veterans of the Vietnam Era, and Other Eligible
Veterans (SEP 2006) (38 U.S.C. 4212), 52.222.36 Affirmative Action for Workers with Disabilities (Jun 1998)(29
U.S.C 793), 52.222-37 Employment Reports on Special Disabled Veterans, Veterans of the Vietnam Era, and Other
Eligible Veterans (SEP 2006)(38 U.S.C. 4212)), 52.225-13 Restrictions on Certain Foreign Purchases (FEB 2006)
(E.O.s, proclamations, and statutes administered by the Office of Foreign Assets Control of the Department of
Treasury) and 52.232-33 Payment by Electronic Funds Transfer-Central Contractor Registration (Oct 2003)(31U.S.C.

3332), 252.204-7004 Alt A Required Central Contractor Registration Alternati e A (Nov 2003), 252.225-7 )02 Qualifying Country Sources as Subcontractors (Apr 2003), 52.252-1 Solicitation Provisions Incorporated t y Reference (FEB 1998); 52.252-2 Clauses Incorporated By Reference (FEB 1998), 252.212-7001 Contract Terms and Conditions Required to Implement Statutes or Executive Orders Applicable to Defense Acquisitions of Commercial Items (OCT 2006), with DFARS Clauses incorporated in reference (b) (4) 252.225-7001 Buy American an l Balance of Payment program (JUN 2005 (41 U.S.C. 10a-10d, E.O. 10582 and (17) 252.232-7003 Electronic Submi ssion of Payment Requests (MAY 2006) (10 U.S.C. 2227). Quotations will be evaluated based on technical capabil ty, delivery, and price. Technical capability and delivery when combined are more important than price. The government will only consider firm fixed price quotations. Offeror must complete and submit with the quotations FAR provision 52.212-3 Offeror Representations and Certifications-Commercial Items (SEP 2006! ). The provision can al so be submitted at www.bpn.orca.gov. Contractor must be registered to the Central Contractor Registration (CCF) prior to award. The website address for CCR registration is www.ccr.gov. A Dunn and Bradstreet number is requir d to register. The offer due date is close business on 07/16/2007.

**Point of Contact**

Nick D Delosreyes 619-532-5289

---

Goverment-wide Numbered Notes
DON-Specific Numbered Notes

---

**You may return to Business Opportunities at:**

- DON Bureau of Medicine and Surgery listed by [Posted Date|Classification Code]
- DON Agencywide listed by [Posted Date|Classification Code]

---

[Home] [SEARCH synopses] [Procurement Reference Library]

EXHIBIT C

NAS/CORP-TELMAH, INC
2609 LA CHARLES DRIVE NE
ALBUQUERQUE, NM 87112
Tel: 505-292-3648 Fax: 505-323-6050
E-Mail:Nascorp-telmah@comcast.net
Cage Code: 3LTEO
Dunn's # 140032504

www.nascorp-telmah.com

Nick D Delosreyes
Balboa Naval MedicalCenter
34800 Bob Wilson Dr Suite 1800
San Diego, CA 92134

11 Jul 07

RE: Solicitation N0025907T0252

Enclosed is our response to your Solicitation N0025907T0252 – Ultrasonic Surgical Aspirator
Included is:

1) Basic NAS/CORP-TELMAH, INC Information Data Sheet and Terms and Conditions
2) Reasons and Benefits Letter
3) Side by Side Technical Comparison of the Cusa Excel Vs Soring and a Comparison of Per Procedure Operating Cost for both Systems
4) Technical Paper Magnetostrictive Versus Piezoelectric Transducers
5) NAS/CORP-TELMAH Quote
6) Soring's Operational Consumable Cost
7) Sonoca 300 Brochure and References

In this solicitation NAS/CORP-TELMAH is quoting the Soring Sonaca 300 Ultrasonic Surgical Aspirator. The SONOCA 300 is the most RELIABLE AND EFFICIENT Ultrasonic System in that it posses TODAY'S ADVANCE TECHNOLOGY as oppose to CUSA OUTDATED TECHNOLOGY. Additionally, the Sonoca Operating Cost per Procedures is dramatically Lower then the Cusa System. We believe for the reasons stated above and other listed in other documents that the SONOCA 300 SYSTEM would be a best value for the government, the Surgeons and patients at Balboa Navy Medical Center. For these reason Mr. Delosreyes, we strongly suggest that prior to awarding this contract on strictly competitive pricing scenario; you consult with and send Items 2, 3, 4, 6 and 7 listed above to the requesting surgeons and agency for their review. If after their review of the literature they would like to formally evaluate the Sonoca System I stand ready to bring it in anytime that would be convenient for them and even let them do some procedures.

NAS/CORP-TELMAH,INC is a Service Connected Disabled Veteran Small Business that falls under the SDVB Set Aside as established under PL 108-183, and implementation mandated by Presidential Executive Order 13360 of Oct 04. As you are award you have the discretionary authority under this law when you become aware of a qualified SDVBusiness based on meeting the requirements set forth in the solicitation and past performance to award a contract. In the past four Years we have supplied a variety of major surgical equipment such as Fiberoptic Camera Headlight Systems to Eisenhower and Madigan Army Medical Centers, Landstuhl Army Medical Center, Germany, USAF Hospital, Hickman and Langley AFB to name a few. Ultrasonic System to VA Las Vegas and Augusta, ME We are CCR. ORCA and WAWF listed and do hold a DAPA number with DSCP.

Respectfully,

ERNEST R. DOYON

NAS/CORP-TELMAH, Inc
2609 LACHARLES DRIVE NE
ALBUQUERQUE, NM 87112
Tel: (505)292-3648, Fax (505)323-6050
E-mail: nascorp-telmah@comcast.net
Cage Code: 3LTE0, Dun's # 140032504

# QUOTATION: SOLICITATION N0025907T0252

## Söring Sonoca 300 Ultrasonic Surgical Aspirator System

| Description, Durable Components | Order # | Qty. | Price Each | Total Price USD |
|---|---|---|---|---|
| Söring *Sonoca 300* Ultrasonic Aspirator for Neurosurgery, 115V, 60 Hz | 15-000 | 1 | $54,950.00 | $54,950.00 |
| Cart for *Sonoca 300*, w/Basket | 700K0031 | 1 | Included | $0.00 |
| Owner's/Users Manual *Sonoca 300* | 03-000 | 1 | Included | $0.00 |
| Service Manual for *Sonoca 300*, w/schematics | 03-031 | 1 | Included | $0.00 |
| Vacuum Hose for Sonoca 300 | 300K0012 | 1 | Included | $0.00 |
| Irrigation Fluid Hanger for Sonoca 300 | 700S0059 | 1 | Included | $0.00 |
| Power Cable | 200N0007 | 1 | Included | $0.00 |
| 2L Collection Bottle, Reusable, Steam Autoclaveable | 300N0100 | 1 | Included | $0.00 |
| Suction Lid for 300N0100, Reusable, Steam Autoclaveable | 300N0101 | 1 | Included | $0.00 |
| Single Footswitch, without click-switch | 770S0001 | 1 | Included | $0.00 |
| 25 kHz Handpiece; Angled, Short Neuro tip, External Irrigation, Internal Suction, Steam Autoclaveable | 94-106 | 1 | 11,470.00 | 11,470.00 |
| 35 kHz Angled Micro Suction Pen Handpiece, Medium Neuro tip, External Irrigation, Internal Suction, Steam Autoclaveable | 92-112 | 1 | 11,470.00 | 11,470.00 |
| Connecting cable for Sonoca Handpiece 94-106, Steam Autoclavable | 240K0094 | 2 | 456.00 | 912.00 |
| Connecting cable for Sonoca Handpiece 92-112, Steam Autoclavable | 240K0095 | 2 | 456.00 | 912.00 |
| | | | Total | $79,714.00 |

55.00

EXHIBIT D

FedEx

| Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|
| 2-185-07779 | Aug 03, 2007 | 2024-3059-7 | 4 of 4 |

## FedEx Express Shipment Detail By Payor Type (Original)

[illegible] Cust. Ref: [illegible] Ref #2:

[illegible] Ref #3: [illegible]

- Fuel Surcharge - FedEx has applied a fuel surcharge of 13.50% to this shipment.
- Distance Based Pricing, Zone 5

| | | | |
|---|---|---|---|
| Automation | USAB | **Sender** | **Recipient** |
| Tracking ID | 862080038100 | ERNEST DOYON | NICK DELOSREYES |
| Service Type | FedEx Standard Overnight | N A S CORP OF NEW MEXICO INC | BALBO NAVAL MEDICAL CENTR MATE |
| Package Type | FedEx Envelope | 2609 LA CHARLES DR NE | 34800 BOB WILSON DR |
| Zone | 05 | ALBUQUERQUE NM 87112-2026 US | SAN DIEGO CA 92134 US |
| Packages | 1 | | |
| Rated Weight | N/A | | |
| Delivered | Jul 16, 2007 10:10 | | |
| Svc Area | A1 | Transportation Charge | 17.60 |
| Signed by | D.WHITEHURST | Fuel Surcharge | 2.38 |
| FedEx Use | 019320075/0000233/_ | **Total Charge** USD | $19.98 |

[illegible] Cust. Ref: [illegible] Ref #2:

[illegible]

- Fuel Surcharge - FedEx has applied a fuel surcharge of 13.50% to this shipment.
- Distance Based Pricing, Zone 7
- FedEx has audited this shipment for correct packages, weight, and service. Any changes made are reflected in the invoice amount.
- The package weight exceeds the maximum for the packaging type, therefore, FedEx Envelope was rated as FedEx Pak.

| | | | |
|---|---|---|---|
| Automation | USAB | **Sender** | **Recipient** |
| Tracking ID | 862080038110 | ERNEST DOYIN | RICHARD SUESON |
| Service Type | FedEx Standard Overnight | N A S CORP OF NEW MEXICO INC | SOUTHWEST REG CONTRACTING (FF |
| Package Type | FedEx Pak | 2609 LA CHARLES DR NE | BLDG 39706 |
| Zone | 07 | ALBUQUERQUE NM 87112-2026 US | AUGUSTA GA 30905 US |
| Packages | 1 | | |
| Rated Weight | 1.0 lbs, 0.5 kgs | | |
| Delivered | Jul 23, 2007 11:37 | | |
| Svc Area | AM | Transportation Charge | 30.00 |
| Signed by | W.GRAEFF | Fuel Surcharge | 4.05 |
| FedEx Use | 020118325/0001393/_ | **Total Charge** USD | $34.05 |

[illegible] Ref #2:

[illegible]

- Fuel Surcharge - FedEx has applied a fuel surcharge of 13.50% to this shipment.
- Distance Based Pricing, Zone 5
- FedEx has audited this shipment for correct packages, weight, and service. Any changes made are reflected in the invoice amount.
- The package weight exceeds the maximum for the packaging type, therefore, FedEx Envelope was rated as FedEx Pak.

| | | | |
|---|---|---|---|
| Automation | USAB | **Sender** | **Recipient** |
| Tracking ID | 862541260921 | ERNEST DOYON | JOHN ROECK ATTN MCAAGP1 519\ |
| Service Type | FedEx Priority Overnight | N A S CORP OF NEW MEXICO INC | GREAT PLAIN REG CONTRACTING (IF |
| Package Type | FedEx Pak | 2609 LA CHARLES DR NE | 3851 ROGER BROOKE DR |
| Zone | 05 | ALBUQUERQUE NM 87112-2026 US | SAN ANTONIO TX 78234 US |
| Packages | 1 | | |
| Rated Weight | 1.0 lbs, 0.5 kgs | | |
| Delivered | Jul 26, 2007 08:23 | | |
| Svc Area | A1 | Transportation Charge | 30.20 |
| Signed by | A.OJEDA | Fuel Surcharge | 4.08 |
| FedEx Use | 020615451/0001552/_ | **Total Charge** USD | $34.28 |

| | | |
|---|---|---|
| **Shipper Subtotal** | USD | **$88.31** |
| **Total FedEx Express** | USD | **$88.31** |

EXHIBIT E

From: nascorp-telmah@comcast.net
To: petrona.spencer@med.navy.mil
CC: nick.delosreyes@med.navy.mil,Patrick.kearney@med.navy.mil,Jpslegal@aol.com (jim), glenn.carlson@att.net (Glenn T. Carlson)
Subject: Ultrasonic Surgical Aspirator Evaluation
Date: Friday, August 03, 2007 4:56:23 PM

Ms Spencer,

Thank you for your time this afternoon, as stated during our conversation the reason for this e-mail is to set up a date for evaluating The Sonoca 300 Ultrasonic Surgical Aspirator as requested by Mr Delosreyes. As I mentioned we can come in and work with your medical staff the week of Aug 13, If you will provide me with the proper paperwork to use to ship in the Sonoca in, it would be deeply appreciate. I realize that this is all predicated on when you might have a cranial case, I am also aware this equipment need to be purchase this Fiscal Year. So my associate and I are prepare to come to Balboa if nothing else but to demo this piece of equipment to your staff. The Sonoca 300 is very similar to the Cusa system however overall it is a more technically advanced, efficient and economical Aspirator.

For your information I have attached a Who we Are Letter which will give you all our identifying Information additionally I have attach a Reasons and Benefit Paper and would like to draw your attention to Para 3, which talks about operational cost for both aspirator. I have also supplied you with a side by side comparison of both aspirators and a white paper Piezoelectric Transducer.

Ms Spencer I look forward to hearing and working with you. If you require anymore information please do not hesitate to write or call. Have a great weekend.

Ernie Doyon
(505)292-3648

**(Attachments successfully scanned for viruses.)**

**Attachment 1:** (application/msword)

**Attachment 2:** (application/msword)

**Attachment 3:** (application/msword)

**Attachment 4:** (application/msword)

EXHIBIT F

**From:** nascorp-telmah@comcast.net
**To:** petrona.spencer@med.navy.mil
**CC:** jpsiegal@aol.com (jim),nick.delosreyes@med.navy.mil,glenn.carlson@att.net (Glenn T. Carlson)
**Subject:** Evaluation follow-up
**Date:** Monday, August 13, 2007 2:19:32 PM

Ms Spencer,

Just a short note to follow-up with you on when it will be possible to make a visit and bring in our ultrasonic surgical aspirator for your evaluation. Do you require anymore information from us to complete your paperwork?

As I mentioned earlier we are available anytime but we do need a little notice. I await your response, Have a great day.

Ernie Doyon
(505)292-3648

EXHIBIT G

To: Kollmeyer, David S
Subject: FW: N0025907T0252

retransmitted

-------------- Forwarded Message: --------------
From: nascorp-telmah@comcast.net
To: dave.kollmeyer@med.navy.mil,nick.delosreyes@med.navy.mil
Cc: VIDEOELEX@compuserve.com (BOB MULZ), Jpslegal@aol.com (jim), glenn.carlson@sbcglobal.net (Glenn T. Carlson)
Subject: N0025907T0252
Date: Mon, 20 Aug 2007 21:47:54 +0000

Mr Kollmeyer/Mr Delosreyes,

Thank you for your time this afternoon and the very disturbing news that Solicitation N00259070252 was awarded on the 17 Jul the day after it open because no other solicitation was received yet I have a FEDEX notification address to Mr Delosreyes our response was received at BNMC on the 16th, and since the 26 of Jul I have been in contact with Mr Delosreyes and through his urging was told to contact on Ms Petrona Spencer, OR supply Coordinator (888)209-2497 or (619)532-5266. To arrange an evaluation which I did and been waiting for her to get back with me as to the exact date to bring our aspirator for eval. Since Mr Delosyreyes initiate the phone call on Ultrasonic Aspirator I was Lead to believe that we were the Low bidder on this Project.

Mr Kollmeyer, by return email would you verify the facts as listed particularly to award and the date of the award and what the Monetary amount of this award was.

Again, Thank you

Ernie Doyon

(5065)292-3648

EXHIBIT H

From: "Kollmeyer, David S" <David.Kollmeyer@med.navy.mil>
To: <nascorp-telmah@comcast.net>
CC: "Delosreyes, Nick D CIV" <Nick.Delosreyes@med.navy.mil>
Subject: RE: N0025907T0252
Date: Monday, August 20, 2007 5:10:15 PM

All facts may be verified at www.fedbizopps.gov <http://www.fedbizopps.gov/> . Enter the subject solicitation number N0025907T0252 and ensure that you search by selecting "Archives" in case the announcemnts are no longer active.

No other verification will be sent, nor is any furhter verification necessary as FEDBIZOPPS is a matter of public record.

Thanks,

DAVE

---

From: nascorp-telmah@comcast.net [mailto:nascorp-telmah@comcast.net]
Sent: Monday, August 20, 2007 2:50 PM

Vendors

# 65--Ultrasonic surgical aspirator

- Solicitation 01 - Posted on Jul 03, 2007
- Synopsis - Posted on Jul 03, 2007

## General Information

| | |
|---|---|
| Document Type: | Award Notice |
| Solicitation Number: | N0025907T0252 |
| Posted Date: | Aug 09, 2007 |
| Archive Date: | Aug 09, 2007 |
| Classification Code: | 65 -- Medical, dental & veterinary equipment & supplies |
| SetAsides: | N/A |
| Naics Code: | 339112 -- Surgical and Medical Instrument Manufacturing |

## Contracting Office Address

Department of the Navy, Bureau of Medicine and Surgery, NMC San Diego, Bldg 1 38400 Bob Wilson Drive, San Diego, CA, 92134-5000, UNITED STATES

## Description

| | |
|---|---|
| Contract Award Date: | Jul 17, 2007 |
| Contract Award Number: | N00259-07-P-1129 |
| Contract Award Amount: | $85250 |
| Contract Line Item Number: | |
| Contractor: | Integra Lifesciences Corporation DBA Integra Neurosciences 311 Enterprise Drive Plainsboro NJ 08536-3344 |

## Point of Contact

Nick Delos Reyes, Purchasing Aagent, Phone 619-532-5289, Fax 619-532-5596, Email nddelosreyes@nmcsd.med.navy.mil

Goverment-wide Numbered Notes
DON-Specific Numbered Notes

**You may return to Business Opportunities at:**